**PHILLIPS PETROLEUM COMPANY, a Delaware Corporation, Defendant below, Appellant,**

**v.**

**PARADEE OIL COMPANY, INC., a Delaware corporation, et al., Plaintiffs below, Appellees.**

Supreme Court of Delaware.

Argued March 14, 1975.

Decided July 28, 1975.

N. Maxson Terry, Jr. of Terry, Terry & Jackson, Dover, for defendant below, appellant.

Harold Schmittinger and John J. Schmittinger of Schmittinger & Rodriguez, Dover, for plaintiffs below, appellees.

Before HERRMANN, Chief Justice, McNEILLY, Justice, and O'HARA, Judge.

HERRMANN, Chief Justice:

This is an appeal from a preliminary injunction granted to the plaintiff Paradee Oil Company, Inc. ("Paradee") against the defendant Phillips Petroleum Company ("Phillips") to prevent Phillips from terminating existing supply commitments of gasoline and related petroleum products, pending a final hearing.

Reference is made to the opinion below (320 A.2d 769) for a statement of the facts and the rationale upon which the Court of Chancery based its decision.

The determination of only two of the contentions raised by the appellant is appropriate at this stage of the case:

### I.

We are of the opinion that, upon the record, the Court of Chancery correctly concluded that the Delaware Franchise Security Act (6 Del.C. § 2551 *et seq.*) (hereinafter "the Act") is applicable to the contracts here involved and, as so applied, is not invalidated under the Contract Clause of the Federal Constitution by *Globe Liquor Co. v. Four Roses Distillers Company,* Del.Supr., 281 A.2d 19 (1971), cert. den. 404 U.S. 873, 92 S.Ct. 103, 30 L. Ed.2d 117 (1971), as is contended by the appellant.

The *Globe* case involved a contract, entered into prior to the effective date of the Act, "for a period of one year only with no right of renewal on the part of Globe * .* *." (281 A.2d at 21). In the instant case, on the other hand, the Chancery Court made the following assumptions upon the basis of the record before it at the preliminary injunction stage:

"* * * each [contract] provided that they could be terminated by either party upon ninety days notice to the oth-

er. During the course of the business relationship these same original contracts have been renewed between the parties on a yearly basis [until 1972], presumably with some adjustment for fluctuating prices being included within the provisions of the various documents." (320 A.2d at 772).

Upon the basis of the assumptions thus made, we hold that two conclusions were correctly reached by the Trial Court:

(1) *Globe* is inapposite and not controlling here; and

(2) The Act is applicable in this case under § 2555.[1]

## II.

■ We find no abuse of discretion in the Trial Court's conclusions, based upon the affidavits before it, that (1) Phillips and Paradee fall within the definitions of "franchisor" and "franchised distributor" under the Act (320 A.2d at 774); and (2) Paradee is entitled to injunctive relief, under § 2553 of the Act, maintaining the status quo between the parties pending final hearing on all issues. The Trial Court concluded that, upon the paper record before it, "Paradee has, at least initially, demonstrated a probability of success in proving that Phillips is attempting 'unjustly' to terminate and refuse to renew the relationship within the meaning of the Franchise Security Law" (320 A.2d at 776). The word "unjustly" is defined in the Act (§ 2552) as "without good cause or

1. 6 Del.C. § 2555 provides in pertinent part: "This law shall apply to franchises in existence on July 8, 1970 and the renewal of such franchises * * *."

2. It appears that by Order dated January 9, 1975, the Third Circuit Court of Appeals

in bad faith". It is that crucial issue which the Vice Chancellor decided must be tried at final hearing, based upon his stated understanding of the facts of the case gathered from the affidavits before him. We find no error in that decision.

## III.

The defendant contends that, as applied to the facts of this case, the Act violates the Commerce Clause and the Supremacy Clause of the Federal Constitution, and the Fifth and Fourteenth Amendments thereof. These contentions are based upon Phillips' asserted good faith intent to withdraw from the Delaware market.

■ We decline to consider those constitutional questions at this stage of the case. They have not been decided below. Facts essential to a proper consideration of those questions are in dispute; they will not be determined until after final hearing. It is premature to seek in this Court decisions on the constitutionality of the Act in its application to disputed facts still undetermined.

Moreover, if these questions come before this Court again on a more acceptable record, it appears that we may have by then the benefit of the views of the Third Circuit Court of Appeals upon substantially similar issues. See *Consumers Oil Corporation, etc. v. Phillips Petroleum Company*, 3 Cir., 488 F.2d 816 (1973).[2]

\* \* \* \* \* \*

Affirmed.

vacated the order of abstention in this case and directed the District Court for the District of New Jersey to proceed with a determination of all issues.