Kenneth R. REEDER, Plaintiff,

v.

SANFORD SCHOOL, INC., Defendant.

Superior Court of Delaware,
New Castle County.

Submitted Aug. 18, 1978.
Decided Jan. 16, 1979.

James F. Kipp of Trzuskowski & Kipp, Wilmington, for plaintiff.

Thomas J. Eastburn of Eastburn & Eastburn, Wilmington, for defendant.

LONGOBARDI, Judge.

Defendant has filed a motion for summary judgment in this action for breach of an employment contract. It is undisputed that on March 17, 1975 these parties entered into a written contract providing (*inter alia*) that Plaintiff would be employed in various capacities (athletic director, teacher, football coach) by Defendant in return for a stated salary paid by Defendant. Also undisputed is the fact that shortly thereafter and prior to the commencement date of the contract, July 1, 1975, Defendant elected, for reasons not germane here, to end its varsity football program. The parties agree that Plaintiff sought out Rodney Beach, headmaster of Defendant school, to inquire as to the effect, if any, of this decision on his salary and responsibilities.

According to Plaintiff, Beach assured him that his salary would not be reduced as a result of the decision to drop football and that Plaintiff would be assigned new work to take the place of his coaching duties. Beach denies this.

Plaintiff goes on to allège that he relied on this representation and did not seek employment elsewhere and claims damages resulting from Defendant's actions in subsequently terminating his contract.

The uncontroverted record further reflects that on August 27, 1975, Defendant sent written notice to Plaintiff of intent to terminate the March 17, 1975 contract effective in thirty days pursuant to the sixth clause of that document.[1] Further, on September 15, 1975, the parties entered into a new employment agreement, evidenced by a writing, reducing Plaintiff's salary to $11,200 from $13,200. Also, on October 20, 1975, Plaintiff exercised his right to terminate the new contract within thirty days.

Defendant argues that it acted pursuant to a valid and unambiguous term of the March 17, 1975 contract in terminating Plaintiff's employment and, in effect, reducing his salary. Defendant further argues that the alleged representation by Beach to Plaintiff cannot change the rights and risks agreed upon in the contract and is not sufficient to set up an estoppel.

Plaintiff would have the Court read clause 6 of the March 17, 1975 contract relating to reciprocal rights of termination upon thirty days notice in conjunction with several other clauses, the effect of which would require cause to justify termination and that the contract was of a one year duration and not terminable at will. Plaintiff further asks that Defendant be estopped from raising the defense of voluntary modification of contract due to Plaintiff's reliance to his detriment of the "promise" of Beach.

Plaintiff's argument as to interpretation of the contract runs contrary to the language of its terms. Clause 6 unmistakably allows either party to terminate upon thirty days notice at any time. Such termination clauses have been upheld and interpreted as not requiring good cause as a

---

1. Clause 6 provided: "It is hereby agreed that either the School or the Employee may at any- time terminate said contract by giving a thirty (30) day written notice."

prerequisite to their exercise. *Paradee Oil Co., Inc. v. Phillips Petroleum Co.,* Del.Ch., 320 A.2d 769 (1974), aff'd. Del.Supr., 343 A.2d 610 (1975). As Defendant points out, to read the contract as requiring good cause for termination is to delay termination thirty days no matter how severe or urgent the cause, an untenable result clearly not intended. Even if the contract were considered to be for a definite term, the right to terminate has clearly been reserved.

■ The general rule is that a written contract may be modified by subsequent oral agreement 17Å *C.J.S.* Contracts p. 433. For instance, acquiescence in the face of price increases beyond the written contractual term was held to constitute a valid modification of the contract. *Pepsi-Cola Bottling Co. of Asbury Park v. Pepsico. Inc.,* Del.Super., 297 A.2d 28 (1972). However, an oral contract changing the terms of a written contract must be of such specificity and directness as to leave no doubt of the intention of the parties to change what they previously solemnized by formal document. 17A *C.J.S.* Contracts pp. 434, 436.

In effect, Plaintiff here seeks to change the termination clause by reliance on Beach's "promise." This is indeed a problem because the termination clause was not mentioned. Still, as to modification of the salary term, the intention of Defendant is clearly disclosed through Beach's alleged statement. See 4 S. Williston, *Williston on Contracts* (3rd Ed.) 950, 951.

■ The circumstances prior to the September 15, 1978 contract, namely, the termination of the prior contract and the reduction in salary (and the breached "promise", *supra*), constitute extrinsic evidence as to an apparently integrated agreement. Events antecedent to or contemporaneous with the making of a contract which negate

mutuality of assent (e. g., duress, fraud) may be the subject of oral testimony and are not barred by the parol evidence rule. *Williston, supra,* at 950. But in the absence of factors such as duress, fraud, mutual mistake and the like, the rule excludes such extrinsic evidence.

The Plaintiff's execution of a termination notice simultaneously with the second contract suggests that such circumstances may have been present here and Plaintiff alleges that he was left with no alternative but to sign at a pay cut or resign.

■ Assuming for the moment the admissibility of the evidence despite the parol evidence rule, Plaintiff's allegations as to the oral representation of Beach, though imprecisely pleaded, smack of promissory estoppel. Representations as to the future, reasonably calculated to induce action or forbearance and inducing such action or forbearance, have been enforced (despite lack of consideration) where to do so would avoid injustice. *Restatement Second,* Contracts § 90. See also *Chrysler Corporation v. Quimby,* Del.Supr., 144 A.2d 123 (1958). Plaintiff must prove (1) an actual promise or definite assurance, and (2) his own reliance thereon to his detriment. *Metropolitan Convoy Corp. v. Chrysler Corp.,* Del. Supr., 208 A.2d 519 (1965). Mere expressions of opinion, expectation or assumption are insufficient. *Id.* Promissory form is required unless there is evidence of falsity or fraud. See *Scott-Douglas Corp. v. Greyhound Corp.,* Del.Super., 304 A.2d 309 (1973).[2] The party asserting an estoppel has the burden of proving it by clear and convincing evidence. *National Fire Insurance Co. v. Eastern Shore Laboratories, Inc.,* Del.Super., 301 A.2d 526 (1973).

■ Taking the affidavit of Plaintiff at face value for purposes of Defendant's mo-

2. Although in some jurisdictions an estoppel which has not been specially pleaded is *not* available, even though established by the evidence, the majority rule seems to be that estoppel, if established by the evidence, is available despite not having been pleaded. The rule in Delaware has been that: "When an estoppel is relied on in the pleadings, they must meet and remove by anticipation every possible answer of the other party . . . ; and every essential allegation must, also, be pleaded with particularity and precision." *Colvocoresses v. W. S. Wasserman Co.,* Del.Super., 190 A. 607 (1937). Superior Court Civil Rule 8(c) requires a party pleading estoppel *in response to a preceding pleading* to set it forth as an affirmative defense but the Rules are silent as to the pleading of estoppel in the complaint.

tion, there is a definite assurance (though not a formal promise) as to job and salary status but also an expression of expectation. The element of falsity is raised by the reference to Beach's comment that he knew at the time of the assurance that termination and reduction of salary were both possible. (See affidavit of Kenneth R. Reeder, paragraphs 1, 2). Under the circumstances, Plaintiff has raised a factual issue as to promissory estoppel although in his brief he appears to argue equitable estoppel (based on a representation as to present intent which Plaintiff argues was knowingly false). Plaintiff apparently relied on the "assurance" of Beach and failed, to his eventual detriment, to seek other employment.

Equitable estoppel will prevent the exercise of an otherwise unquestioned contract right where the Plaintiff has been misled and induced to sign to his prejudice by a misrepresentation before execution. *Colvocoresses, supra.* The alleged misrepresentations took place after signing but before execution of the contract.

Whether Beach's alleged statement is viewed as a misrepresentation of present fact, equitable estoppel or a "promise" as to future conduct, promissory estoppel, a jury question is raised.

Defendant's motion for dismissal or, in the alternative for summary judgment, is denied.

IT IS SO ORDERED.