DALTON PROPERTIES, INC., APPELLANT, *v.* ROSCOE JONES, DBA ROSCOE'S JANITORIAL SERVICE, RESPONDENT.

No. 14774

July 3, 1984                              683 P.2d 30

*George R. Carter,* Las Vegas, for Appellant.

*Leonard P. Smith,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

The present appeal questions the appropriateness of an award of monetary damages in an action for the breach of a subcontractor's agreement which is terminable without cause. Under the agreement, Jones was employed as a subcontractor to remove trash and other debris from a HUD housing complex which was in the process of being renovated. The subcontract stated that the prime contractor "reserves the absolute right to terminate this agreement."

From the record it appears that Jones performed under the terms of the agreement for approximately three months until a dispute arose between Jones and Dalton Properties. According to Jones, he and his men were wrongfully accused of stealing appliances out of the apartments that they had been cleaning and as a result were ordered off the job site on February 7, 1980. Five months later, Jones requested and received a hearing before the State Contractor's Board to determine whether an amiable solution could be worked out. Unfortunately, the record does not contain any information as to what the parties discussed at the hearing or what the board's recommendation was. All that is known is that, as a result of the hearing, Jones was allowed to resume work on the project.

A complaint was subsequently filed against Dalton Properties in November, 1980, seeking general damages in excess of $10,000 for the loss of income over the five-month period which otherwise would have been received had Jones not been terminated from the project. Following a trial before the bench, judgment was entered in favor of Jones. The lower court specifically found that Jones had been "wrongfully terminated" from the project from February to August, 1980. As

a result, the court awarded Jones $8,000 plus interest from February, 1980.

In the present appeal, Dalton Properties contends that damages for lost profits may not be recovered for the breach of a contract that is terminable at will or without cause. We agree.

The courts have long recognized the validity of contracts that provide either party the option of terminating the contract at will. *See* Shain v. Washington National Insurance Company, 308 F.2d 611 (8th Cir. 1962); Pardee Oil Co., Inc. v. Phillips Petroleum Co., 320 A.2d 769 (Del.Ch. 1974), *aff'd,* 343 A.2d 610 (Del. 1975); Universal Sales Corp. v. California Press Mfg. Co., 118 P.2d 291 (Cal. 1941); *cf.,* Aluevich v. Harrah's, 99 Nev. 215, 660 P.2d 986 (1983) (lease terminable at will). Where a contract provides that either party may terminate the agreement at will, the party so terminated may not recover damages for those profits that he purportedly could have gained over the maximum life of the contract. Osborn v. Commanche Cattle Industries, Inc., 545 P.2d 827 (Okla.App. 1975). The object of compensatory damages in an action for breach of contract is merely to place the injured party in the position that he would have been in had the contract not been breached. Since a party to a contract which is terminable at the will of another cannot rely on duration of the contract, if damages for lost profits were permitted, the injured party would be in a better position than the terms of the contract allowed. *Osborn,* above.

Various courts have engrafted the qualification that the party exercising the termination clause must do so in good faith. *See* Fortune v. National Cash Register Company, 364 N.E.2d 1251 (Mass. 1977). In Nevada, the so-called "bad faith" defense to the termination-at-will clause is limited to those circumstances where it appears that a special element of reliance exists between the two parties. *See Aluevich,* above, 660 P.2d at 987.

In the case at hand, there is no allegation or proof of special reliance. In fact, Jones is a subcontractor and ostensibly has equal bargaining power with the prime contractor. The agreement in question clearly states that Dalton Properties reserves the absolute right to terminate the contract. There is neither a showing nor a finding of unconscionability, oppression, or intentional concealment of the provision. Under the holding of *Osborn,* above, the award of damages for lost profits during the five-month period in 1980 is in error. Based on this reason, the district court is reversed.