936 F.2d 579
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Steven SCHIFFER, et. al., Plaintiff/Appellant,
v.
Thomas J. SHERWOOD, J. Morton Davis, et. al., Defendants/Appellees.
 No. 89-16603.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 1, 1991.
Withdrawn April 4, 1991.
Resubmitted June 18, 1991.
Decided June 18, 1991.
 Before TANG, FARRIS and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In April 1981, appellant Steven Schiffer, appellee Thomas Sherwood and Paul Levine formed Oryx Capital Corporation (Oryx). Schiffer and Sherwood subsequently executed a shareholder's agreement providing that the shareholders would jointly vote their shares for a period of five years. Pursuant to 8 Del.C. Sec. 218(c), the agreement was in writing. Although the agreement was scheduled to terminate on May 8, 1986, appellant alleges that Sherwood orally agreed to prolong its existence beyond that date. On November 16, 1987, appellees Sherwood and J. Morton Davis voted their shares to oust Schiffer as president of Oryx, thereby purportedly violating the terms of the agreement--defunct or alive, that is the question--between the parties.
 
 
 3
 In this appeal, Schiffer challenges the district court's order granting summary judgment to Sherwood and Davis. The district court essentially justified its holding on two grounds: first, as a matter of Delaware law (which, all parties agree, is applicable to this suit), "an extension of a shareholder's agreement has to be in writing;" second, "no genuine issue of material fact has been established with respect to detrimental reliance or estoppel of any conduct of the parties after the expiration of the shareholder's agreement." Because we disagree with the district court's interpretation of Delaware law, which we review de novo, see Matter of McLinn, 739 F.2d 1395, 1397 (9th Cir.1984) (en banc), we now reverse.
 
 
 4
 We start with the proposition that, under Delaware law, "[a] written agreement ... is not necessarily only to be amended by another formal written agreement." Egan & Sons Air Conditioning Co. v. General Motors Corp., --- A.2d ---- (Del.Super.1988), 1988 WL 47314 (Westlaw, Delaware library, Case law library); see also J.A. Moore Constr. Co. v. Sussex Associates, Ltd., 688 F.Supp. 982, 988 (D.Del.1988); Reeder v. Sanford School, Inc., 397 A.2d 139, 141 (Del.Super.1979); Pepsi-Cola Bottling Co. of Asbury Pk. v. Pepsico, Inc., 297 A.2d 28, 33 (Del.Supr.1972).
 
 
 5
 Appellees distinguish these cases by pointing out that none involved a statute requiring a written agreement as section 218(c) does in the present controversy. Though section 218(c) requires that the creation of a voting agreement be in writing, the narrow question on this appeal is whether the statute requires than an agreement to extend such a voting agreement also be in writing. In the absence of any Delaware authority on this issue, we are compelled to resort to the statute's plain language. Delaware law distinguishes between voting trusts and voting agreements. Section 218(b), which governs the former, provides:
 
 
 6
 At any time within two years prior to the time of expiration of any voting trust agreement ... one or more beneficiaries of the trust under the voting trust agreement may, by written agreement and with the written consent of the voting trustee or trustees, extend the duration of the voting trust agreement for an additional period not exceeding ten years.
 
 
 7
 8 Del.C. Sec. 218(b) (emphasis added).
 
 
 8
 In contrast, under section 218(c), which controls the latter,
 
 
 9
 at any time within two years prior to the time of the expiration of [a voting agreement], the parties may extend its duration for as many additional periods, each not to exceed ten years, as they may desire.
 
 
 10
 8 Del.C. Sec. 218(c). Section 218(b) was enacted in 1935 and was, therefore, before the Delaware legislature when subsection (c) was adopted in 1967. Because section 218(c) does not specify that an extension be in writing, we conclude that the Delaware legislature did not intend that extensions of voting agreements must be in writing. Indeed, although interpreting the sounds of legislative silence is a mystifying art, we cannot but give some meaning to those words that are left out. There is, in short, no statutory basis for the district court's holding.
 
 
 11
 Of course, this is not the end of the matter. There remain numerous hurdles on Schiffer's path, not least of which is proving that the parties' interactions after May 8 amounted to oral agreements to extend the term of the voting agreement. Simply, we hold that, under Delaware law, an extension of a shareholder's agreement need not be in writing.[1]
 
 REVERSED AND REMANDED
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In light of our resolution of this question, we do not address Schiffer's second contention, which is that he relied to his detriment upon the alleged oral extension of the agreement