

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-7-2009

# Pegasus Dev Corp v. John Hane

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4095

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Pegasus Dev Corp v. John Hane" (2009). *2009 Decisions.* Paper 2066.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2066

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4095
_____

PEGASUS DEVELOPMENT CORPORATION

v.

JOHN HANE

Defendant/Third Party Plaintiff

v.

MARSHALL W. PAGON

Third-Party Defendant

John Hane,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 05-cv-06148)
District Judge: Hon. Mary A. McLaughlin

_____

Submitted under Third Circuit LAR 34.1(a)
on December 11, 2008

Before: MCKEE, SMITH and ROTH, <u>Circuit Judges</u>

(Opinion filed: January 07, 2009)

**ROTH**, <u>Circuit Judge</u>:

John Hane appeals from the District Court's denial of his motion for summary judgment, the grant of summary judgment in favor of Pegasus Development Corporation (PDC) and Marshall Pagon, and the dismissal of Hane's fiduciary duty claim against PDC. We exercise plenary review, construing the claims and the evidence in the light most favorable to the non-moving party. *Sands v. McCormick*, 502 F.2d 563, 267–68 (3d Cir. 2007); *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000). We assume the parties' familiarity with the factual and procedural history, which we describe only as necessary to explain our decision. We will affirm.

As an initial matter, we reject Hane's contention that the District Court failed to review each summary judgment motion on its own merits and instead analyzed the cross motions together. The District Court merely considered the motions together for stylistic purposes, an appropriate means of analysis considering that the parties' relationship is governed by the Securities Purchase Agreement (SPA), an unambiguous written contract between Hane's company, Highcast, and PDC. Contrary to Hane's assertion, however, the District Court properly placed the burden on the moving party for each motion to show the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477

U.S. 317, 323 (1986). Unfortunately for Hane, defendants properly prevailed on each motion.

First, no genuine issues of material fact precluded summary judgment in PDC's favor on its claim that it owed no further duty under the SPA. Section 4.2 sets forth multiple conditions precedent to PDC's obligation to purchase more shares in Highcast, at least three of which have not been satisfied: (1) agreement on a "First Budget," a term narrowly defined in section 4.2(e),[1] (2) delivery of a document "certifying that the milestone applicable for such [share purchase] has been satisfied," and (3) Hane's continued employment by PDC. For the same reason, the District Court appropriately denied Hane's summary judgment motion with respect to the share purchase.

The District Court also properly rejected Hane's estoppel and waiver arguments. Hane cannot seriously argue that he was unaware that the aforementioned conditions precedent had not occurred and so cannot rely on estoppel. *See Burge v. Fidelity Bond and Mortg. Co.*, 648 A.2d 414, 420 (Del. 1994).[2] Likewise, Hane failed to present unequivocal facts demonstrating that PDC "intentionally relinquished" its contractual right to require the satisfaction of the conditions precedent. *Kallop v. McAllister*, 678

---

[1]Hane argues that the District Court placed undue emphasis on the lack of a particular document titled "First Budget" in the record. The record contains no evidence suggesting that Hane had even asked PDC to begin discussing a First Budget, however, and the District Court was thus permitted to deduce that no First Budget was ever contemplated or certified. *See Celotex Corp.*, 477 U.S. at 323.

[2]By its terms, the SPA is governed by Delaware law.

A.2d 526, 532 (Del. Super. 1996). Indeed, all conditions precedent explicitly "remain[ed] in full force and effect" through the only Amendment made to the SPA.

Hane's claim regarding PDC's failure to provide administrative services to Highcast is equally misplaced. Hane concedes that the SPA contains no provision obligating PDC to provide such services; rather, he argues that the parties *intended* to modify their agreement. Hane's evidence in support of this assertion—a single e-mail exchange in which Hane wrote, "[i]f [PDC] can handle the books at an administrative level without affecting the underlying deal that would be great for both of us"—does not meet his burden to overcome Delaware law's aversion to oral modification of written agreements. *See Reeder v. Sanford School, Inc.*, 397 A.2d 139, 141 (Del. Super. 1979).

The District Court properly rejected Hane's claim that Pagon—PDC's representative on the Highcast board—had breached his fiduciary duties to Highcast. Highcast's charter was revoked in 2001 for failure to pay taxes, and it has not been revived. Any board actions after revocation would have been "nullities and consequently of no force or effect." *Cloverfields Improvement Assoc., Inc. v. Seabreeze Properties, Inc.*, 362 A.2d 675, 679 (Md. Ct. Spec. App. 1998).[3] Therefore, Pagon could not have

breached any fiduciary duty by failing to attend a board meeting called for November 29,

---

[3]Highcast was a Maryland corporation; thus, Maryland law applies to Hane's fiduciary duty claims. *See In re: Reading Co.*, 711 F.2d 509, 517 (3d Cir. 1983).

4

2004.

Finally, as a minority shareholder, PDC owed no fiduciary duty to Highcast's shareholders.  *See Shaw v. Davis*, 28 A. 619, 622 (Md. Ct. App. 1984).  The district court thus properly dismissed the fiduciary claim against PDC as a matter of law.

Accordingly, we will affirm the judgment of the District Court.