**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 13 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JIANGMEN KINWAI FURNITURE DECORATION CO. LTD and KINWAI USA INC., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> INTERNATIONAL MARKET CENTERS, INC.; et al., <br><br> Defendants-Appellees. | No. 16-15474 <br><br> D.C. No. 2:15-cv-0419-JCM-CWH <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted October 20, 2017**
San Francisco, California

Before: W. FLETCHER and TALLMAN, Circuit Judges, and HOYT,*** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Kenneth M. Hoyt, United States District Judge for the Southern District of Texas, sitting by designation.

Jiangmen Kinwai Furniture Decoration Co., Ltd and Kinwai USA, Inc., (collectively "Kinwai"), appeal two orders entered by a Nevada district court: an order dismissing Kinwai's lawsuit pursuant to the "first-to-file rule" and Fed. R. Civ. P. 12(b)(6); and, an order denying Kinwai's motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 1294(1).

This appeal concerns a dispute over a commercial lease for showroom space in North Carolina between IHFC Properties, LLC ("IHFC"), as landlord, and Kinwai, a manufacturer and seller of contemporary furniture, as tenant. More specifically, on August 14, 2014, Kinwai, in a North Carolina district court ("NCDC"), sued IHFC and a competitor, asserting breach of the parties' lease agreement and other related claims, due to IHFC's unilateral relocation of Kinwai's showroom space. Kinwai learned of IHFC's other affiliates and moved to amend its complaint to add the affiliates. The NCDC denied Kinwai's motion to add additional parties as futile, given the absence of facts showing that the affiliates either committed the torts alleged or engaged in activities sufficient to warrant piercing the corporate veil. It, nevertheless, granted Kinwai leave to amend its complaint within certain parameters. After engaging in protracted discovery, during which Kinwai exhibited a lack of candor, the NCDC concluded that Kinwai's discovery tactics were harassing and conducted in bad faith. In

2016, the NCDC granted a summary judgment in IHFC's favor holding that IHFC did not breach the parties' lease agreement when it transferred Kinwai to a different showroom.

While its suit was still pending in the NCDC, Kinwai filed a second lawsuit in the District of Nevada against IHFC and various other IHFC affiliates related to Kinwai's lease for showroom space in Nevada. IHFC and its affiliates responded to Kinwai's Nevada action by moving to dismiss or transfer the case to the NCDC. Kinwai, thereafter, filed an amended complaint, adding WMCV Phase 2, LLC ("WMCV"), Kinwai's Nevada landlord, and dismissing IHFC as a defendant. The remaining IHFC affiliates moved to dismiss Kinwai's amended complaint and the Nevada court stayed discovery. Subsequently, the Nevada court dismissed Kinwai's lawsuit. Kinwai filed a motion to alter or amend judgment pursuant to Rule 59, which was also denied.

We review the dismissal of a suit under the first-to-file rule under an abuse of discretion standard. *Alltrade, Inc. v. Uniweld Prods., Inc.,* 946 F.2d 622, 625 (9th Cir. 1991). A district court has significant discretion to apply the first-to-file rule where the record supports application. *Id.* at 628. ("The most basic aspect of the first-to-file rule is that it is discretionary; 'an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.'" (citation omitted)).

The Nevada court did not abuse its discretion by dismissing Kinwai's claims under the first-to-file rule. The Nevada court reviewed Kinwai's two lawsuits and found that the sequence of events, coupled with the similarity of the parties and issues, supported dismissal of Kinwai's suit. The Nevada court relied on the NCDC's record and its own independent finding that the two lawsuits were substantially similar in that they involved essentially the same parties and factual allegations and Kinwai acted in bad faith by seeking disruptive, overbroad discovery, thereby multiplying court proceedings and increasing court costs—the very "gamesmanship" that the first-to-file rule was meant to impede. *See Kohn Law Grp., Inc. v. Auto Parts Mft. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015).

The Nevada district court also found that permitting Kinwai's suit to proceed risked conflicting rulings between the two courts, pointing to Kinwai's *own* concession that "all [IHFC entities] operate[d] as part of a single business enterprise with one common purpose under common control." We find the district court properly exercised its discretion. *See Pacesetter Sys. Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982).

The Nevada court did not improperly rely on the NCDC's record. Kinwai argues that the Nevada court violated the hearsay rule when it considered the NCDC's record as a basis for dismissing Kinwai's suit. District courts are

16-15474

permitted to take judicial notice of other courts' proceedings, particularly where, "those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (quotation omitted).

We also find no error in the Nevada court's Rule 12(b)(6) dismissal of Kinwai's Nevada-based claims for intentional interference with prospective economic advantage and breach of the implied covenant of good faith and fair dealing. We review a Rule 12(b)(6) dismissal *de novo*, accepting all well-pleaded factual allegations as true. *Lloyd v. CVB Fin. Corp.*, 811 F.3d 1200, 1205 (9th Cir. 2016).

Regarding its Nevada-based claim for intentional interference with prospective economic advantage, Kinwai maintains that IMC Manager, LLC ("IMC Manager"), an affiliate of WMCV and IHFC, "sabotaged" lease negotiations between WMCV and Kinwai. Kinwai, however, has not pled or established a necessary element of its claim—"the absence of privilege or justification by [IMC Manager]." *See Leavitt v. Leisure Sports Incorporation*, 103 Nev. 81, 88 (1987) (citation omitted). The record shows that IMC Manager, a WMCV-related entity, acted to protect its common interest with its affiliates. Kinwai has not overcome IMC Manager's privilege to act in the economic interest of IHFC affiliates.

Regarding its claim for breach of the implied covenant of good faith and fair dealing, Kinwai essentially argues that WMCV breached the covenant by opting not to renew Kinwai's Nevada lease. It is undisputed that Kinwai and WMCV were negotiating a new lease agreement that failed. Kinwai does not allege that WMCV performed in a manner contrary to the purpose of the parties' lease agreement, or that WMCV was obligated by contract to renew or extend the Nevada lease agreement beyond the terms originally bargained for. Thus, WMCV did not breach the covenant by electing not to renew the Nevada lease. Moreover, there are no facts presented that support any "special reliance" argument, thereby triggering Nevada's "bad faith" defense against WMCV or its affiliates. *See Dalton Props., Inc. v. Jones*, 100 Nev. 422, 424 (1984).

Finally, the Nevada court did not err by denying Kinwai's Rule 59 motion without first affording Kinwai an opportunity to amend. A Rule 59 motion should not be granted "unless the district court is presented with newly discovered evidence, committed clear error, or . . . an intervening change in the controlling law [exists]." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (quotation and emphasis omitted). A district court's denial of a Rule 59(e) motion is reviewed for an abuse of discretion. *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001).

6

The Nevada court record shows that Kinwai never requested leave to amend at any time prior to dismissal of its lawsuit. While leave to amend should "be freely given when justice so requires," leave is not granted carte blanche where such amendments would cause prejudice or undue delay, is sought in bad faith, or would result in futility. *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006)(quotation omitted); *see also In re Tracht Gut, LLC*, 836 F.3d 1146, 1152 (9th Cir. 2016). The Nevada court did not abuse its discretion by denying Kinwai leave to amend. *See id.*; *see also World Wide Rush, LLC v. City of Los Angeles*, 606 F.3d 676, 690 (9th Cir. 2010).

We **AFFIRM** and award costs to the appellees. *See* Fed. R. App. 39(a)(2).

16-15474