**OF THE**
**STATE OF DELAWARE**

BONNIE W. DAVID
MAGISTRATE IN CHANCERY

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DE 19947

Final Report: October 18, 2024
Date Submitted: October 3, 2024

Tyrone S. Workman
845 Colorado Drive
Newark, Delaware 19713

Geoffrey G. Grivner, Esquire
Kody M. Sparks, Esquire
500 Delaware Avenue, Suite 720
Wilmington, Delaware 19801

> RE:    *Tyrone S. Workman v. Astronaut Topco, L.P., et al.*,
>        C.A. No. 2024-0590-BWD

Dear Litigants and Counsel:

This final report resolves ILC Dover's[1] motion to dismiss the Verified Complaint (the "Complaint") in the above-referenced action.[2]

ILC Dover is an engineering development and manufacturing company, headquartered in Frederica, Delaware, that specializes in the use of high-performance flexible materials that service the aerospace, personal protection, pharmaceutical, and biopharmaceutical industries. Compl. ¶ 4. Tyrone S. Workman

---

[1] "ILC Dover" includes defendants Astronaut Topco, L.P., Astronaut Investment, GP, L.L.C., Astronaut Investment L.P., Astronaut Guarantor GP, L.L.C., ILC Astrospace, LLC, Astronaut Holdco II, Inc., Astronaut Holdco, Inc., Astronaut Parent, Inc., New ILC Dover, Inc., ILC Dover 1, LLC, ILC Dover 2, LLC, and ILC Dover LP.

[2] The facts summarized herein are taken from the Complaint and accepted as true for purposes of the motion to dismiss. *See* Verified Compl. [hereinafter "Compl."], Dkt. 1.

("Plaintiff") served at-will as ILC Dover's sole in-house legal counsel from October 2019 until his resignation in April 2024. *Id.* ¶ 8. During his employment at ILC Dover, Plaintiff reported to the company's Chief Financial Officer, Patrick Weinberg. *Id.* ¶ 11.

In April 2023, ILC Dover "engaged in preliminary negotiations and due diligence for a potential sale of the Company to a prospective buyer[.]" *Id.* ¶ 10. Plaintiff performed "extraordinary work" during that process, and on May 30, 2023, ILC Dover offered to pay him a $20,000 bonus in "recognition" thereof, conditioned on execution of a non-disclosure agreement ("NDA"). *Id.* ¶¶ 10-13. Plaintiff "objected" to the NDA and asserted that a $20,000 bonus was inadequate. *Id.* ¶ 14. The sale process was subsequently terminated and no bonus was paid; however, "through the Company's officers, the Owner communicated it would continue pursuit of a future sale for which Plaintiff construed a vested interest in continuing to provide his professional legal services that would perpetuate and situate a sale of the Company and result in Plaintiff earning supplemental compensation." *Id.* ¶¶ 15-16.

In June 2023, Plaintiff sent Weinberg a "Compensation Memo" requesting additional compensation in a future transaction. *Id.* ¶ 17. Plaintiff discussed the Compensation Memo with another representative of ILC Dover at a lunch meeting,

during which the representative "acknowledged and agreed" that a $20,000 bonus was inadequate and "represented to Plaintiff that they would, when applicable, raise Plaintiff's Objections for consideration by the [ILC Dover] Board." *Id.* ¶¶ 19-20.

In February 2024, ILC Dover entered negotiations for a potential sale of the company to Ingersoll Rand, Inc. *Id.* ¶ 21. On March 11, 2024, ILC Dover again offered to pay Plaintiff a $20,000 bonus, conditioned on execution of an NDA. *Id.* ¶¶ 23-24. Plaintiff again objected and refused to sign the NDA. *Id.* ¶ 26. When Plaintiff later asked whether he would "appear[] on any of the APA schedules regarding employee compensation or agreements . . . in connection with the sale[]" to Ingersoll Rand, he was told that "only if Plaintiff had signed the . . . NDA would he appear on any APA schedule for a Transaction Bonus and that no employee had a retention agreement." *Id.* ¶ 27.

Plaintiff filed the Complaint on June 3, 2024, seeking to recoup the transaction bonus he believes he is owed. The Complaint alleges claims for legal fraud (Count 1), equitable fraud (Count 2), promissory estoppel (Count 3), implied or quasi contract (Count 4), repudiation of contract (Count 5), and breach of the implied covenant of good faith and fair dealing (Count 6). As relief, Plaintiff seeks $5,533,500 in "compensatory damages," plus $16,600,500 in "punitive treble damages." *Id.* ¶¶ 74-81.

ILC Dover has moved to dismiss the Complaint pursuant to Court of Chancery Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Although ILC Dover has not separately moved to dismiss under Court of Chancery Rule 12(b)(1), the Court nevertheless has an "independent obligation to consider whether it has subject matter jurisdiction." *Naughty Monkey LLC v. Marinemax Ne. LLC*, 2010 WL 5545409, at *3 n.35 (Del. Ch. Dec. 23, 2010).

"The Court of Chancery is a court of limited jurisdiction." *Yu v. GSM Nation, LLC*, 2017 WL 2889515, at *2 (Del. Ch. July 7, 2017). Title 10, Section 342 of the Delaware Code states that "[t]he Court of Chancery shall not have jurisdiction to determine any matter wherein sufficient remedy may be had by common law, or statute, before any other court or jurisdiction of this State." 10 *Del. C.* § 342. This Court "maintains subject matter jurisdiction 'only when (1) the complaint states a claim for relief that is equitable in character, (2) the complaint requests an equitable remedy when there is no adequate remedy at law or (3) Chancery is vested with jurisdiction by statute.'" *Smith v. Scott*, 2021 WL 1592463, at *14 (Del. Ch. Apr. 23, 2021) (citation omitted).

The Complaint alleges only one equitable cause of action—a claim for equitable fraud. Plaintiff does not seek an equitable remedy, and the Court lacks statutory jurisdiction over Plaintiff's claims.

A claim for equitable fraud, if adequately pled, "can be adjudicated only in a court of equity[.]" *Zebroski v. Progressive Direct Ins. Co.*, 2014 WL 2156984, at *6 (Del. Ch. Apr. 30, 2014). Equitable fraud, referred to interchangeably as negligent misrepresentation, "requires proof of all of the elements of common law fraud except 'that plaintiff need not demonstrate that the misstatement or omission was made knowingly or recklessly.'" *Fortis Advisors LLC v. Dialog Semiconductor PLC*, 2015 WL 401371, at *9 (Del. Ch. Jan. 30, 2015) (quoting *Williams v. White Oak Builders, Inc.*, 2006 WL 1668348, at *7 (Del. Ch. June 6, 2006)). But "an equitable fraud or negligent misrepresentation claim lies only if there is either: (i) a special relationship between the parties over which equity takes jurisdiction (like a fiduciary relationship) or (ii) justification for a remedy that only equity can afford." *Id.* (citing *Envo, Inc. v. Walters*, 2009 WL 5173807, at *6 (Del. Ch. Dec. 30, 2009)).

The Complaint here fails to allege a special relationship between Plaintiff and ILC Dover. The claim arises from negotiations between Plaintiff and ILC Dover over Plaintiff's entitlement to a one-time transaction bonus in connection with a sale of the company. Arm's length compensation negotiations between an employer and employee do not create a "fiduciary or similar relationship giving rise to a special duty." *Lyons Ins. Agency Inc. v. Wilson*, 2018 WL 481641, at *4 (Del. Ch. Jan. 19, 2018) (finding an employee's equitable fraud counterclaim arising from his

employer's decision not to increase his salary failed to state a claim).[3]  Nor does the

Complaint request a remedy that only equity can afford—it seeks only money

damages.  Plaintiff's equitable fraud count therefore fails to state a claim and cannot

support subject matter jurisdiction over this action.

Plaintiff's remaining claims for legal fraud (Count 1),[4] promissory estoppel

(Count 3),[5] breach of "implied" or "quasi" contract (Count 4),[6] repudiation of

---

[3] Plaintiff attempts to distinguish *Lyons* on the grounds that at the time of the alleged fraudulent misrepresentation, "[t]he parties to the Offer were, respectively, a *prospective* employer and employee negotiating a contract." *Lyons Ins. Agency Inc.*, 2018 WL 481641, at *4 (emphasis added).  That distinction makes no difference because an actual employer-employee relationship likewise is not fiduciary in nature and does not create a special relationship for purposes of an equitable fraud claim.  *See Toner v. Allstate Ins. Co.*, 829 F. Supp. 695, 704 n.10 (D. Del. 1993) (rejecting the argument that "under Delaware law an employer and employee, simply by virtue of their present or contemplated future employment relationship, stand in a fiduciary relationship to one another" for purposes of an equitable fraud claim).

[4] *See Snyder v. Butcher & Co.*, 1992 WL 240344, at *3, *6, *9, *11 (Del. Super. Sept. 15, 1992) (Superior Court retaining jurisdiction over a "distinct legal claim for fraud" not premised on an equitable relationship).

[5] *See Alltrista Plastics, LLC v. Rockline Indus., Inc.*, 2013 WL 5210255, at *9 (Del. Super. Sept. 4, 2013) (first citing *Chrysler Corp. (Del.) v. Chaplake Hldgs., Ltd.*, 882 A.2d 1024, 1031 (Del. 2003) and then citing *Reeder v. Sanford Sch., Inc.*, 397 A.2d 139, 142 (Del. Super. 1979)) ("[I]t is well-settled that th[e] [Superior] Court does have the jurisdiction to hear such claims [for promissory estoppel].").

[6] *See, e.g.*, *Clouser v. Marie*, 2022 WL 453551, at *3 (Del. Super. Feb. 14, 2022) (Superior Court exercising jurisdiction over a claim for breach of an implied contract), *aff'd*, 285 A.3d 839 (Del. 2022); *Hynansky v. 1492 Hosp. Grp., Inc.*, 2007 WL 2319191, at *1 (Del. Super. Aug. 15, 2007) (Superior Court exercising jurisdiction over a claim to recover under a quasi-contract theory).

contract (Count 5),[7] and breach of the implied covenant of good faith and fair dealing

(Count 6)[8] are claims available at law, for which Plaintiff seeks only monetary

damages.[9]  Those claims should be dismissed with leave to transfer to the Superior

Court.

To summarize, I recommend that the Court dismiss Count 2 for failure to state

a claim and dismiss the remaining counts for lack of subject matter jurisdiction, with

leave to transfer pursuant to 10 *Del. C.* § 1902.  This is a final report under Court of

Chancery Rule 144.  Any party filing exceptions must do so within eleven days.[10]

---

[7] *See, e.g.*, *Diamond Fortress Techs., Inc. v. EverID, Inc.*, 274 A.3d 287, 295-96 (Del. Super. 2022) (Superior Court exercising jurisdiction over a claim for "non-performance of payment, constitut[ing] a repudiation and total breach" of contract).

[8] *See, e.g.*, *Schatzman v. Mod. Controls, Inc.*, 2024 WL 4249939, at *4, *7-12 (Del. Super. Sept. 20, 2024) (Superior Court exercising jurisdiction over claims for breach of the implied covenant of good faith and fair dealing).

[9] *See* Compl. ¶¶ 74-75 (seeking award of "compensatory damages in the amount of $5,533,500" and "punitive treble damages in the amount of $16,600,500" for Count 1); *id.* ¶ 77 (seeking "restitution or . . . expectancy value of $5,533,500" for Count 3); *id.* ¶ 78 (seeking "quantum meruit restitution in the amount of $5,533,500" for Count 4); *id.* ¶ 79 (seeking "single award of compensatory damages in the amount of $5,533,500" for Count 5); *id.* ¶ 80 (seeking "expectation damages in the amount of $5,533,500" for Count 6).  To the extent Plaintiff seeks punitive damages for Count 1, "[t]he Court of Chancery does not award punitive damages." *Envo, Inc. v. Walters*, 2009 WL 5173807, at *18 (Del. Ch. Dec. 30, 2009).

[10] *See* Ct. Ch. R. 144(d)(1) ("In actions that are not summary in nature or in which the Court has not ordered expedited proceedings, any party taking exception shall file a notice of exceptions within eleven days of the date of the report.").

Sincerely,

*/s/ Bonnie W. David*

Bonnie W. David
Magistrate in Chancery


cc:    All counsel of record (by File & ServeXpress)