EVERLENA MITCHELL, Appellant, *v.* BAILEY AND SELOVER, INC., d.b.a. All American Van & Storage, Respondent.

No. 11802

February 6, 1980                    605 P.2d 1138

*R. Steven Young,* of Las Vegas, for Appellant.

*Wiener, Goldwater & Waldman, Ltd.,* and *Gerald M. Gordon,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

The single issue presented by this appeal is whether the good faith obligation of the Uniform Commercial Code, NRS 104.1203, applies to the enforcement of a warehouseman's lien pursuant to NRS 104.7209, 104.7210. The facts giving rise to this litigation are not in dispute.

Everlena Mitchell entered into a written contract with All American Van & Storage to transport and store her household goods and furnishings. Everlena was to pay all charges incurred on a monthly basis. As security therefor she granted All American a warehouseman's lien. All American had the right to sell the property if the charges remained unpaid for three months and if, in the opinion of the company, such action would be necessary to protect accrued charges.

Over the next eight months Everlena failed to pay any of the charges incurred and by October 14, 1975, there was due and

owing the sum of $804.30. On October 20 she received notice that the amount owed was to be paid by October 31, 1975. The notice also stated that if payment was not made her goods and furnishings would be sold on November 7, 1975.

Everlena had a pending claim with the Social Security Administration, and advised All American that she would be receiving a substantial sum of money soon from the Social Security Administration. An attorney for the Economic Opportunity Board and a staff member for Clark County Legal Services also notified All American of that fact. However, All American would not postpone the sale. Everlena's property was sold on November 7, 1975, for $925.50. After further expenses incurred by All American were applied to the proceeds a balance of $28.80 was left due and owing, which sum was written off as a bad debt. Near the end of November 1975 Everlena received approximately $5,500 from the United States as a disability payment under the Social Security Act.

It is Everlena's contention that All American breached its duty of good faith when it refused to delay the sale. All American counters by stating that it did only that which it had the right to do under lien law. The district court entered summary judgment for All American.

1. "Every contract or duty within this chapter imposes an obligation of good faith in its performance or enforcement." Such is the command of NRS 104.1203. Moreover, NRS 104.1102(3) provides that while "[t]he effect of provisions of this chapter may be varied by agreement, . . . the obligations of good faith, . . . prescribed by this chapter may not . . . ." The mentioned sections apply to the entire Uniform Commercial Code and are expressly incorporated into Article Seven thereof dealing with the lien of a warehouseman and its enforcement.[1] Thus, it is clear that the obligation of good faith applies to enforcement of a warehouseman's lien.

The written contract gave All American the right to sell Everlena's property if, in the company's opinion, such action was necessary to protect its accrued charges. The obligation of good faith attaches to every provision of the contract.[2] It is in

---

[1]NRS 104.7102(4): "In addition article one contains general definitions and principles of construction and interpretation applicable throughout this article."

[2]NRS 104.7202(3): "A warehouseman may insert in his receipt any other terms which are not contrary to the provisions of this chapter and do not impair his obligation of delivery (NRS 104.7403) or his duty of care (NRS 104.7204). Any contrary provision shall be ineffective."

the exercise of the company's opinion that Everlena asserts a breach of the obligation of good faith. A determination by All American that it was insecure with regard to Everlena's debt is a determination that must be made in good faith. Since All American knew that Everlena's inability to pay her debt might soon be remedied, and in fact was remedied, it is at least arguable that there was no basis for its determination that a sale on November 7, 1975, was necessary to protect its accrued charges.

2. The question of good faith is a question of fact. Ginn v. Citizens & Southern Nat. Bank, 243 S.E.2d 528 (Ga.App. 1978); Pedi Bares v. First Nat. Bank of Neodesha, 575 P.2d 507 (Kan. 1978); McKay v. Farmers & Stockmens Bank of Clayton, 585 P.2d 325 (N.M.Ct.App. 1978). Since it is apparent that an issue of material fact exists, summary judgment should not have been entered. NRCP 56(c); Zuni Constr. Co. v. Great Am. Ins. Co., 86 Nev. 364, 468 P.2d 980 (1970).

Reversed and remanded for trial.

MOWBRAY, C. J., and GUNDERSON, MANOUKIAN, and BATJER, JJ., concur.