A.C. SHAW CONSTRUCTION, INC., A.C. SHAW AND PAMELA SHAW, Appellants, v. WASHOE COUNTY, SOUTH TRUCKEE MEADOWS GENERAL IMPROVEMENT DISTRICT, Respondents.

No. 19621

December 29, 1989                                      784 P.2d 9

*Lawrence J. Semenza* and *J. William Ebert*, Reno, for Appellants.

*McÂuliffe, White, Long* and *Guinan*, Reno, for Respondents.

## OPINION

*Per Curiam:*

Respondent Washoe County entered into a contract with appellant A.C. Shaw Construction, Inc. to construct sewer pipes and manholes in the Sun Valley Housing area north of Reno.[1] Appel-

---

[1] In light of our disposition on this issue, we need not consider appellant's other assignments of error.

[1] Appellants also entered into a construction contract with respondent South Truckee General Improvement District, which is not the subject of this appeal.

lants A.C. and Pamela Shaw are controlling shareholders and officers of A.C. Shaw Construction, Inc. After Washoe County terminated the contract, appellants filed suit in district court.[2] The district court granted the county's motion for summary judgment, concluding as a matter of law that there is no implied covenant of good faith and fair dealing in a public works construction contract. Thus, the district court specifically held that appellants could not recover their alleged consequential damages and that any recovery was limited to the damages specified in the contract provisions. This appeal followed.

Appellants contend that the district court erroneously granted summary judgment. Specifically, appellants contend that all contracts contain an implied covenant of good faith and fair dealing, and, therefore, the district court erred in determining that the public works contract in question does not contain the implied covenant of good faith and fair dealing. We agree. We are not persuaded that public works construction contract should be exempted from that rule.

Initially we note that NRS 104.1203 specifically provides that: "[e]very contract or duty within this chapter imposes an obligation of good faith in its performance or enforcement." Similarly, Section 205 of the Restatement (Second) of Contracts, provides that: "Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement."

Second, in Ainsworth v. Combined Insurance Company of America, 104 Nev. 587 n.1, 592, 763 P.2d 673, 676 (1988), *cert. denied,* ...... U.S. ...... (1989), we recently noted that: "[t]he covenant of good faith and fair dealing is *implied into every commercial contract.* . . ." (Emphasis added.) Moreover, in K Mart Corporation v. Ponsock, 103 Nev. 39, 48, 732 P.2d 1364, 1370 (1987), this court stated that "[t]he bad faith discharge case finds its origins in the so-called covenant of good faith and fair dealing *implied in law in every contract.* . . ." (Emphasis added.) *See also* U.S. Fidelity v. Peterson, 91 Nev. 617, 540 P.2d 1070 (1975) (imposing duty on insurers). Thus, pursuant to the plain language of these cases, we have previously recognized that an implied covenant of good faith and fair dealing exists in *all* contracts.

Third, we observe that our conclusion in this regard is consistent with holdings from other jurisdictions which have addressed

---

[2]Appellants originally brought suit against respondents, as well as other governmental, private, and individual defendants. As the suit progressed, the private and individual defendants were dismissed upon stipulation. Additionally, the parties stipulated to dismiss all but appellants' sixth cause of action, which, among other things, sought damages based upon respondents' alleged breach of an implied covenant of good faith and fair dealing.

the question of whether a plaintiff may recover contract damages for breach of the implied covenant of good faith and fair dealing in a commercial contract. *See, e.g.*, Cordonier v. Central Shopping Plaza Assoc., 82 Cal.App.3d 991, 1000-02, 147 Cal.Rptr. 558, 563-65 (1978) (lessee and sublessee brought suit against landlord); Masonsite Corp. v. Pacific Gas and Electric Co., 65 Cal.App.3d 1, 9, 135 Cal.Rptr. 170, 175 (1976) (natural gas user brought suit against supplier). The covenant has also been implied into public works construction contracts. *See* Zurn Engineers v. State of California, Ex. Rel. Dept. of Water Resources, 69 Cal.App.3d 798, 833, 138 Cal.Rptr. 478, 500 (1977), *cert. denied,* 434 U.S. 985 (1977).

Fourth, in our view, sound public policy warrants recognition of the covenant of good faith and fair dealing in public works construction contracts. To hold otherwise would suggest that a governmental entity has a right to refrain from cooperation in a contract, or that a governmental entity could act in bad faith, calculated to destroy the benefit of that contract to the other contracting party.

Respondents' reliance on Aluevich v. Harrah's, 99 Nev. 215, 660 P.2d 986 (1983), *cert. denied,* 465 U.S. 1006 (1984) and Dalton Properties, Inc. v. Jones, 100 Nev. 422, 683 P.2d 30 (1984) is misplaced. Neither case stands for the proposition that no implied covenant of good faith and fair dealing exists in a public works construction contract.

*Aluevich* involved a claim for *tortious* breach of an implied duty of good faith and fair dealing in a commercial lease. 99 Nev. at 216, 660 P.2d at 986. In that case, we affirmed the district court's dismissal of Aluevich's claim for tortious breach of an implied duty of good faith and fair dealing involving a commercial lease agreement between two parties who would not otherwise be bound by any special element of reliance or fiduciary duties. Here, appellants' claim was for *contract* damages. The law would be incongruous if the covenant is implied in *every* contract, and yet the only remedy for breach of that covenant is if tort damages are alleged and there exists a special relationship between the tort victim and the tortfeasor. *See, e.g., K Mart,* 103 Nev. 39, 732 P.2d 1364 (1987).[3] Because the present action is for contract damages only, we conclude that appellants do not need to prove the existence of a special relationship with respondents.

*Dalton* involved an action for a breach of a sub-contractor's agreement which was bilaterally "terminable without cause." 100 Nev. at 424, 683 P.2d at 31. This court held:

---

[3]This case is not like *K Mart* which involved bad faith discharge of an employee by a large employer, giving rise to tort liability.

> Where a contract provides that *either* party may terminate the agreement at will, the party so terminated may not recover damages for those profits that he purportedly could have gained over the maximum life of the contract.

100 Nev. at 424, 683 P.2d at 31. (Emphasis added.) In the present case the contract did not give either party the right to terminate at will. Unlike the contract in *Dalton,* Article 4.10(b) of this contract only gave Washoe County the unilateral right to terminate "for its convenience." Whether these are significant differences in this case should first be determined by the district court.

We therefore conclude that the district court erred in determining that the contract did not contain an implied covenant of good faith and fair dealing. Further, the question of good faith is a question of fact. Mitchell v. Baily & Selover, Inc., 96 Nev. 147, 605 P.2d 1138. Having so concluded, it remains to be determined whether the implied covenant of good faith and fair dealing is applicable when the provisions of the contract here in question are considered, especially the provision that permits the county to terminate the contract at its convenience and states specifically what damages will be for such termination. And if the implied covenant is applicable, the district court should also determine whether there was a breach of this covenant and the damages that flow therefrom.

Accordingly, we reverse the district court's summary judgment against appellants, and remand this case to district court for further proceedings.[4]

---

[4]Respondents contend that appellants A.C. and Pamela Shaw do not have standing to bring this appeal. Based on our review of the record, we find that A.C. and Pamela Shaw clearly have standing to bring this appeal.