Juan URBINA, an individual; Rosario Urbina, an individual, Plaintiffs,

v.

HOMEVIEW LENDING INC., a Delaware corporation; Deseret Mortgage, a Nevada corporation; Select Portfolio Servicing, a Utah corporation; Doe individuals I–X, inclusive; and ROE corporations I–X, inclusive; all other persons unknown claiming any right, title, estate, lien, or interest in the real property described in the Complaint adverse to Plaintiffs' ownership, or any cloud upon Plaintiffs' title thereto, Defendants.

Case No. 2:09–cv–00789–RLH–LRL.

United States District Court, D. Nevada.

Aug. 13, 2009.

Ramon Dy–Ragos, Las Vegas, NV, for Plaintiffs.

Artemus W. Ham, IV, The Law Office of Artemus W. Ham, Las Vegas, NV, for Defendants.

## ORDER

(Motion to Dismiss—# 8; Joinder in Motion and Motion to Dismiss—# 9)

ROGER L. HUNT, Chief District Judge.

Before the Court is Defendant Homeview Lending's **Motion to Dismiss** (# 8), filed May 11, 2009. Also before the Court is Defendant Select Portfolio Servicing's **Joinder in Motion and Motion to Dismiss** (# 9), filed May 21, 2009. Plaintiffs Juan Urbina and Rosario Urbina have not opposed either of these Motions.

## BACKGROUND

On December 29, 1995, Juan Urbina and Rosario Urbina purchased the real proper-

ty located at 3701 Flower Avenue in Las Vegas, Nevada for $67,000. On October 11, 2006, Plaintiffs refinanced the loan through a deed of trust from Defendant Homeview Lending. Plaintiffs allege that Defendant Select Portfolio Servicing ("SPS") serviced the loan from Homeview Lending. After Plaintiffs failed to make the required monthly payments, Homeview executed a non-judicial foreclosure sale on the property on January 13, 2009.

On April 1, 2009, Plaintiffs filed suit in Nevada state court, naming Homeview, SPS, and Desert Mortgage (a mortgage company located in Nevada) as defendants. Plaintiffs allege the following causes of action: (1) injunctive relief; (2) violation of the federal Truth in Lending Act ("TILA"); (3) violation of the federal Home Ownership and Equity Protection Act ("HOEPA"); (4) violation of the federal Real Estate Settlement Procedures Act ("RESPA"); (5) unfair lending practices; (6) breach of the duty of good faith and fair dealing; (7) fraud; (8) deceptive trade practices; (9) emotional distress; and (10) quiet title. On May 4, 2009, Homeview removed the case to this Court. Homeview now moves to dismiss all of Plaintiffs' claims. SRS has joined Homeview's Motion to Dismiss and has filed its own Motion to Dismiss. For the reasons discussed below, the Court grants both Motions to Dismiss in part and denies them in part.

## DISCUSSION

### I. Motion to Dismiss

"A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), in order to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). While a pleading generally need not contain detailed allegations, it must allege sufficient facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. A party may challenge the sufficiency of a pleading by motion under Rule 12(b)(6). In ruling on a 12(b)(6) motion, a court assumes all factual allegations are true and construes them in the light most favorable to the nonmoving party. *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). However, a court does not assume the truth of legal conclusions merely because the plaintiff casts them in the form of factual allegations. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir.2003). A court should dismiss a claim if it lacks a cognizable legal theory or if there are insufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir.2008). Although this burden is not onerous, *id.*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### II. Analysis

#### A. Injunctive Relief

■ Plaintiffs allege Defendants do not possess the original note and thus lacked

1258

authority and standing to institute foreclosure proceedings. Although the property has already been foreclosed on, Plaintiffs ask the Court "to grant injunctive relief to prevent this harm." (Dkt. # 1, Compl. 4.) Plaintiffs' request for injunctive relief fails because Defendants do not need to produce the note to the property in order to proceed with a non-judicial foreclosure. *See* NRS § 107.080. Consequently, the Court dismisses Plaintiffs' request for injunctive relief.

## B. Truth in Lending Act (15 U.S.C. § 1640)

■ Defendants ask the Court to dismiss Plaintiffs' TILA claim, alleging that the statute of limitations has run. Section 1640(e) of TILA requires that claims be brought within one year of the date of the loan transaction. 15 U.S.C. § 1640(e). Interpreting this provision, the Ninth Circuit has held that while as a general rule the limitations period runs from the date the transaction is consummated, the doctrine of equitable tolling may, when appropriate, toll the limitations period until the borrower has had a reasonable opportunity to discover the facts giving rise to a TILA claim. *King v. California,* 784 F.2d 910, 915 (9th Cir.1986). The Ninth Circuit has also held that the equitable tolling analysis is a factual one: the finder of fact must determine whether equitable tolling will prevent unjust results or maintain the integrity of the relevant statute. *Id.* Because these factual questions are yet to be resolved, the Court is unable to say at this stage in the litigation whether the statute of limitations has run. Defendants' Motion to Dismiss Plaintiffs' TILA claim on statute of limitations grounds is denied.

■ Moreover, after reviewing the Complaint, the Court finds Plaintiffs have adequately stated a TILA claim against Homeview and SRS. Plaintiffs allege Homeview and SRS (1) misrepresented the cost of the credit as well as the finance charges in the TILA disclosures; (2) failed to provide Plaintiffs with the Consumer Handbook on Adjustable Rate Mortgages (which is required when a variable rate loan is used); and (3) failed to fully disclose the amount of the yield spread premium that would be paid to the real estate broker. Taking these assertions as true, Plaintiffs have stated a viable claim for relief under TILA.

■ Nonetheless, the Court does dismiss Plaintiffs' claim that they are entitled to rescission under TILA. Plaintiffs allege they are entitled to rescind the mortgage contract under 15 U.S.C. § 1635. This assertion is wrong. Section 1635 of TILA establishes that lenders must notify borrowers of their right to rescind, and it outlines the penalties for failure to comply with this requirement. Nonetheless, § 1635 expressly states that these provisions do not apply to "residential mortgage transactions." A residential mortgage transaction is defined in 15 U.S.C. § 1602(w) as a "transaction in which a mortgage ... interest is created or retained against the consumer's principal dwelling." *See also* 12 C.F.R. § 226.2(a)(24). This is precisely what Plaintiffs' mortgage contract entailed: the parties entered into a transaction in which Defendants refinanced Plaintiffs' loan and acquired a security interest in the property at the same time. Because Plaintiffs are not entitled to rescind the mortgage contract, their rescission claim under 15 U.S.C. § 1635 fails as a matter of law.

## C. Home Ownership and Equity Protection Act (12 C.F.R. § 226)

■ Plaintiffs allege Defendants violated HOEPA because they "did not furnish

[them] with the necessary disclosures required under Regulation Z," which is found in 12 C.F.R. § 226. This conclusory, vague allegation is not sufficient to state a claim that rises above the speculative level. Regulation Z comprises the bulk of 12 C.F.R. § 226 and contains several hundred paragraphs of regulations. Plaintiffs have not indicated what specific parts of Regulation Z have been violated or what HOEPA documents Defendants failed to give to them. The Court therefore has nothing concrete to work with other than the conclusory assertion that Defendants violated Regulation Z. Because this is not sufficient under Rule 12(b)(6), the Court dismisses Plaintiffs' HOEPA claim.

#### D. Real Estate Settlement Procedures Act (12 U.S.C. § 2601)

Plaintiffs also allege Defendants violated various provisions of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.* Specifically, Plaintiffs claim Defendants violated § 2605 by failing to provide a good faith estimate of anticipated closing costs and by failing to disclose that the note could be assigned to another company. Plaintiffs also allege Defendants violated § 2607, which prohibits the giving and accepting of kickbacks in real estate services.

 The Court dismisses Plaintiffs' § 2605 claim, but keeps their § 2607 claim. The Court dismisses the § 2605 claim because there is no private right of action under this section of the statute. As a general rule, RESPA does not create express or implied private rights of action. *Collins v. FMHA–USDA,* 105 F.3d 1366, 1367–68 (11th Cir.1997); *Bamba v. Resource Bank,* 568 F.Supp.2d 32, 34–35 (D.D.C.2008); *Morrison v. Brookstone,* 415 F.Supp.2d 801, 806 (S.D.Ohio 2005); *McWhorter v. Ford Consumer Fin. Co.,* 33 F.Supp.2d 1059, 1064 (N.D.Ga.1997). A limited exception to this rule exists: a private right of action exists under RESPA when a specific statutory provision mentions such a right. *See Bloom v. Martin,* 865 F.Supp. 1377, 1384–85 (N.D.Cal. 1994). For this reason, the Court declines to dismiss Plaintiffs' § 2607 claim arising out of Defendants' alleged receipt of kickbacks. Unlike § 2605, which does not mention a private right of action, § 2607 specifically addresses private remedies that are available when real estate brokers or lenders give or receive kickbacks for their services. Because Plaintiffs have alleged Defendants received kickbacks in the course of the refinancing transaction, the Court denies Defendants' Motion to dismiss Plaintiffs' § 2607 RESPA claim.

#### E. Unfair Lending Practices (NRS 598D.100)

 Plaintiffs allege Defendants violated Nevada's Unfair Lending Practices Statute, NRS 598D.100. This statute prohibits lenders from making loans "without determining, using commercially reasonable means or mechanisms, that the borrower has the ability to repay the home loan." NRS 598D.100(1)(b). Instead of alleging specific facts showing how Defendants failed to adhere to this statutory requirement, however, Plaintiffs simply copy the language of the statute into their Complaint and allege that Defendants failed to use commercially reasonable means to ensure that the refinanced loan could be repaid. It is not enough under Rule 12(b)(6) to copy the language of a given statute. *See Twombly,* 550 U.S. at 557, 127 S.Ct. 1955. Because Plaintiffs do not allege specific facts showing how Defendants' violated the Unfair Lending

Practices Statute, the Court grants Defendants' Motion to Dismiss this claim.

## F. Breach of the Covenant of Good Faith an Fair Dealing

■ Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County,* 105 Nev. 913, 784 P.2d 9, 9 (1989) (quoting Restatement (Second) of Contracts § 205). "[W]hen one party performs a contract in a manner that is unfaithful to the purpose of the contract . . . damages may be awarded against the party who does not act in good faith." *Hilton Hotels v. Butch Lewis Prods.,* 107 Nev. 226, 808 P.2d 919, 923 (1991).

Plaintiffs' claim for breach of the duty of good faith and fair dealing fails because they do not allege facts indicating that Defendants were "unfaithful to the purpose of the contract." *See Hilton Hotels,* 808 P.2d at 923. Instead of asserting that Defendants violated the terms of the mortgage agreement, they argue that Defendants gave them a higher interest rate than their credit qualified them for and that they gave conflicting disclosures regarding the type of the loans Plaintiffs would receive. Even assuming these assertions are true, Plaintiffs have not stated a viable claim because none of these allegations show that Defendants violated the terms of the written mortgage contract. A party cannot breach the covenant of good faith and fair dealing before a contract is formed. *See Indep. Order of Foresters v. Donald, Lufkin & Jenrette, Inc.,* 157 F.3d 933, 941 (2d Cir.1998) ("an implied covenant relates only to the performance of obligations under an extant contract, and not to any pre-contract conduct"). Because Plaintiffs' claim revolves entirely around alleged promises and misrepresentations made before the contract was entered into, it fails as a matter of law. The Court therefore dismisses Plaintiffs' claim for breach of the covenant of good faith and fair dealing.

## G. Fraud

■ In order to state a claim for fraud in Nevada, a plaintiff must allege that (1) the defendant made a false representation; (2) the defendant knew or believed the representation to be false; (3) the defendant intended to induce plaintiff to rely on the misrepresentation; and (4) the plaintiff suffered damages as a result of his reliance. *Barmettler v. Reno Air, Inc.,* 114 Nev. 441, 956 P.2d 1382, 1386 (1998). The Court finds Plaintiffs have alleged facts sufficient to support each of these elements of their fraud claim. Plaintiffs allege Defendants knowingly misrepresented to Plaintiffs that they would be receiving a "low interest fixed rate mortgage when in fact they received a high interest variable rate mortgage." (Dkt.1, Compl. 8.) Taking this assertion as true, the Court finds Plaintiffs have stated a claim for fraud: they allege that Defendants intentionally misrepresented information to them, that they relied on these representations, and that they were damaged as a result.

■ Homeview and SRS argue this claim fails to adequately state a claim for fraud under the heightened pleading standard established by Rule 9 of the Federal Rules. This Rule requires a party to "state with particularity the circumstances constituting fraud." Fed.R.Civ.P. 9(b). Pleading fraud with particularity requires "an account of the time, place, and specific content of the false representations, as well as the identities of the parties to the

misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir.2007). The Court disagrees with Defendants and finds that Plaintiffs have pled fraud with sufficient particularity under Rule 9. The Complaint indicates that the fraud occurred at the time the parties entered into the refinancing agreement, and it spells out what specific information the Defendants' misrepresented to Plaintiffs. Homeview and SRS are therefore on notice regarding the specific nature of the fraud claim against them. Accordingly, the Court denies Defendants' Motion to Dismiss this claim under Rule 12(b)(6).

## H. Deceptive Trade Practices (NRS 598.0915)

█ Plaintiffs allege Defendants violated Nevada's Deceptive Trade Practices Statute. Defendants allegedly violated this statute when they promised Plaintiffs that they would receive a "low interest fixed rate mortgage when in fact they received a high interest variable rate mortgage." (Dkt. #1, Compl. 8.) NRS 598.0915 prohibits parties from "[making] false or misleading statements of fact concerning the price of goods or services for sale or lease." Parties also violate this statute if they "[k]nowingly make[ ] any other false representation in a transaction." NRS 598.0915. Because Plaintiffs have alleged that Defendants intentionally misled them regarding the type of interest rate they would receive, the Court finds Plaintiffs have adequately stated a claim under the Nevada Deceptive Trade Practices Statute. Defendants' Motion to Dismiss this claim is denied.

## I. Emotional Distress

█ Plaintiffs bring a claim for emotional distress, claiming that Defendants' "unlawful and illegal actions," caused them to suffer "extreme personal, mental, and emotional anguish." (Dkt. #1, Compl. 9.) Although Plaintiffs do not indicate whether they are bringing a claim for intentional or negligent infliction of emotional distress, the Court interprets this claim as one for intentional infliction of emotional distress. The Court does so because nowhere in the Complaint do Plaintiffs allege that Defendants acted negligently. Instead, the Complaint repeatedly addresses Defendants' "intentional" and "knowing" misrepresentations regarding the refinancing contract. Given these allegations, if Defendants are liable for causing emotional distress, it will be because they have done so intentionally.

█ In order to establish a claim for intentional infliction of emotional distress in Nevada, a plaintiff must allege that (1) the defendant engaged in extreme and outrageous conduct with the intention of causing emotional distress or with reckless disregard for plaintiff's emotional distress; (2) the plaintiff suffered severe or extreme emotional distress as a result; and (3) the defendant's action were the proximate cause of plaintiff's emotional distress. *Jordan v. State*, 121 Nev. 44, 110 P.3d 30, 52 (2005). The Court finds Plaintiffs' claim fails as a matter of law because they fail to allege facts indicating that Defendants acted in an extreme or outrageous manner. Although the Court has declined to dismiss Plaintiffs' fraud claim, misrepresenting information contained in a loan document does not, in and of itself, constitute extreme or outrageous conduct. *See Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1058 (9th Cir.2007). Moreover, "[t]o qualify as extreme and outrageous, the conduct at issue must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id.* Defendants' alleged misconduct, even if

true, does not rise to this level. The Court therefore grants Defendants' Motion to Dismiss this claim.

### J. Quiet Title

██ Finally, Plaintiffs bring an action to quiet title, arguing that the foreclosure was "wrongful, invalid, and ... voidable" and that by foreclosing on the property, Defendants committed "slander of title." (Dkt. # 1, Compl. 10.) This assertion fails to state a claim under Rule 12(b)(6). Plaintiffs provide no legal or factual justification for their quiet title claim other than the conclusory allegation that the foreclosure was wrongful, invalid, and voidable. The Court therefore finds that Plaintiffs' quiet title claim does not rise above a speculative level. Defendants' Motion to Dismiss this claim is granted.

### CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Homeview Lending and Select Portfolio Servicing's Motions to Dismiss (# 8, # 9) are GRANTED in part and DENIED in part as follows:

Defendants' Motions to Dismiss Plaintiffs' claim for injunctive relief are GRANTED.

Defendants' Motions to Dismiss Plaintiffs' TILA claim are DENIED as to Plaintiffs' request for monetary damages and GRANTED as to Plaintiffs' request for rescission.

Defendants' Motions to Dismiss Plaintiffs' HOEPA claim are GRANTED.

Defendants' Motions to Dismiss Plaintiffs' RESPA claim are GRANTED as to Plaintiffs' claim under § 2605 and DENIED as to Plaintiffs' claim under § 2607.

Defendants' Motions to Dismiss Plaintiffs' Unfair Lending Practices claim are GRANTED.

Defendants' Motions to Dismiss Plaintiffs' claim for breach of the duty of good faith and fair dealing are GRANTED.

Defendants' Motions to Dismiss Plaintiffs' claim for fraud are DENIED.

Defendants' Motions to Dismiss Plaintiffs' claim for Deceptive Trade Practices are DENIED.

Defendants' Motions to Dismiss Plaintiffs' claim for emotional distress are GRANTED.

Defendants' Motions to Dismiss Plaintiffs' quiet title claim are GRANTED.