**MEDICAL PROVIDERS FINANCIAL CORPORATION II, et al.,**
**Plaintiffs,**

v.

**NEW LIFE CENTERS, L.L.C.,**
**et al., Defendants.**

**Case No. 2:07–CV–01618–KJD–PAL.**

United States District Court,
D. Nevada.

March 4, 2011.

New Life Centers, LLC, Salt Lake City, UT, pro se.

Cary B. Domina, Peel Brimley LLP, Henderson, NV, for Defendants.

Ilya Gonta, Franklin Lakes, NJ, pro se.

Addison D. Larreau, Ogden, UT, for Defendants.

## *ORDER*

KENT J. DAWSON, District Judge.

Presently before the Court is Plaintiffs' Motion for Summary Judgment (# 72). Defendants filed a response in opposition (# 78) to which Plaintiffs replied (# 79).

### I. *Facts*

On or about September 1, 2005, Plaintiffs and Defendants entered into a Purchase Agreement ("the Agreement") in which Plaintiffs Medical Providers Financial Corporation II ("MPFC II") purchased accounts receivable from Defendants for a discounted fee. The amount paid to Defendants under the Agreement, for the purchased accounts receivable, is a percentage of the Adjusted Value or Estimated Net Return of the accounts receivable.

The Agreement further provided that MPFC II had the right to purchase additional accounts from Defendant New Life for a period of one year beginning September 1, 2005 and ending September 1, 2006. Under the terms of the Agreement, if New Life failed to collect on the accounts receivable MPFC II purchased causing the accounts not to reach an Adjusted Value previously agreed to, Defendants would be liable to Plaintiffs for the difference between the amount actually collected and the Adjusted Value. *See,* Plaintiffs' Motion for Summary Judgment (# 72), Exhibit ("Ex.") 1, Ex. A, Purchase Agreement, Section 2.2(b). All payments received on

Dustin A. Johnson, Albright, Stoddard, Warnick & Albright, Las Vegas, NV, for Plaintiffs.

accounts receivable purchased by MPFC II were to be sent to a lockbox specified by Plaintiffs within one day of receipt by New Life.

Additionally, Defendants granted to Plaintiffs, a security interest for their obligations under the Agreement as "a first lien upon and perfected security interest in all accounts receivable of [Defendant New Life][.]" *See* Purchase Agreement, Section 2.4. Plaintiff filed a UCC–1 with the Utah Secretary of State for all accounts receivable of New Life in order to perfect its security interest.

On or about August 25, 2005, Defendant Ilya Gonta ("Gonta") executed a guaranty agreement in favor of Plaintiffs. Defendant Addison Larreau ("Larreau") also executed a guaranty agreement (together "the Guarantees"). New Life failed to collect on the purchased accounts receivable up to the amount of the Adjusted Value and became indebted to Plaintiffs in the amount $42,822.27 in November 2005. In order to continue the relationship, New Life executed a promissory note ("the Note") in the amount of $42,822.27 at an annual interest rate of eighteen percent (18%) payable in twenty-four (24) months. Defendants Gonta and Larreau executed personal guaranties on the Note.

The terms of the Note allowed Plaintiffs to withhold amounts due and owing under the Note from the Advance Rate under the Agreement to be paid for subsequent accounts receivable purchases. Defendants continued to fail to collect on accounts receivable to the Adjusted Value amount. Plaintiffs have collected on the security provided to them and the purchased accounts receivable to the amount of $226,006.06. Plaintiffs are still owed the total amount of $427, 811.10 consisting of: (1) the amount owed on the Note; (2) the difference between the Adjusted Value and the amount actually realized by Plaintiffs; (3) the fees owed to Plaintiffs for accounts receivable purchased; and (4) the interest accrued thereon under the terms of the Agreement and the Note.

## II. Standard for Summary Judgment

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Fed. R.Civ.P. 56(e).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. *See Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court need only resolve factual issues of controversy in favor of the nonmoving party where the facts specifically averred by that party contradict facts specifically averred by the movant. *See Lujan v. Nat'l Wildlife Fed'n.*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990); *see also Anheuser–Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337,

345 (9th Cir.1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment). Evidence must be concrete and cannot rely on "mere speculation, conjecture, or fantasy." *O.S.C. Corp. v. Apple Computer, Inc.*, 792 F.2d 1464, 1467 (9th Cir.1986). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. *Villiarimo v. Aloha Island Air Inc.*, 281 F.3d 1054, 1061 (9th Cir.2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. *See Anderson*, 477 U.S. at 248, 106 S.Ct. 2505.

### III. Analysis

Plaintiffs have now moved for summary judgment on their claims for breach of contract based upon the Agreement, breach of the Guaranties, breach of the covenant of good faith and fair dealing, unjust enrichment, and conversion. Additionally, as Counterdefendants, Plaintiffs seek summary judgment on all of Counterclaimants claims for relief.

### A. Breach of the Agreement and Guaranties

 Contracts are construed from the written language of the document and enforced as written. *Ellison v. Cal. State Auto. Ass'n*, 106 Nev. 601, 797 P.2d 975, 977 (1990). Nevada law requires plaintiffs in breach of contract actions to demonstrate "(1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach." *Saini v. Int'l Game Tech.*, 434 F.Supp.2d 913,

919–920 (D.Nev.2006) (quoting *Richardson v. Jones*, 1 Nev. 405 (Nev.1865)). Specifically, "failure to perform one's obligations within the express terms of an agreement constitutes a literal breach of contract." *Id.* at 923.

In their motion for summary judgment, Plaintiffs assert that New Life breached the Agreement by failing to pay the difference between the Adjusted Value of purchased accounts receivable and the actual amount collected as required by section 2.2(b) of the Agreement, and by failing to make payments on the Note. In Defendants' opposition to the motion for summary judgment and in the affidavit of Ilya Gonta, a managing member of New Life, Defendants assert that genuine issues of material fact exist regarding which party breached the contract for the following reasons: 1) MPFC II agreed to purchase accounts receivable, but failed to pay New Life the amount agreed to; 2) MPFC II collected and retained money for accounts receivable that it had not purchased; 3) MPFC II held itself out as New Life in order to fraudulently collect money from third-party insurance companies for accounts receivable it had not purchased; and 4) MPFC II did not accurately account for the receivables obtained from purchased accounts inflating the amount of money New Life owed MPFC II.

 However, "uncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. *Villiarimo*, 281 F.3d at 1061. Conclusory or speculative evidence will not suffice to stave off summary judgment. *See Anheuser–Busch*, 69 F.3d at 345; *Apple Computer*, 792 F.2d at 1467. In this instance, Gonta's affidavit contains inadmissible hearsay evidence and fails to identify any specific account receivable that MPFC II agreed to purchase but failed to pay for,

any specific, admissible evidence that MPFC II collected money for accounts receivable which it had not purchased, any specific instance in which MPFC II held itself out as New Life without authorization,[1] or any specific instance of inaccurate accounting.[2] These mere allegations that factual issues exist are not enough to create genuine issues of material fact that require resolution by a trier of fact. *See Celotex,* 477 U.S. at 322, 106 S.Ct. 2548; *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989)(non-movant cannot rely solely on conclusory allegations unsupported by factual data)(statements must "be made on personal knowledge, not information and belief"). Gonta's affidavit asserting that Plaintiffs collected insurance proceeds that it did not report as money received on an account receivable was not made on personal knowledge. Furthermore, Gonta's belief that the amount that Plaintiffs claim is "grossly overstated and does not take into account monies for which MPFC was paid, but has not disclosed" without more does not sufficiently raise genuine issues of material fact. Therefore, the Court must grant Plaintiffs' motion for summary judgment on the breach of the Agreement.

■ Plaintiffs have also moved for summary judgment asserting that Gonta and Larreau breached the Guaranties by failing to pay under their terms. Defendants Gonta and Larreau have adduced no evidence that raises a genuine issue of fact regarding their individual liabilities arising from the personal guaranties that each of them signed. However, while Gonta's affidavit asserts that he signed the guaranty under "duress", Defendants' opposition never asserts that the guaranty is invalid or voidable. Accordingly, the Court must grant Plaintiffs' motion for summary judgment on the claim for breach of the Guaranties.

### B. Implied Covenant of Good Faith and Fair Dealing

■ "Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *A.C. Shaw Const., Inc. v. Washoe County,* 105 Nev. 913, 784 P.2d 9, 10 (1989). However, the question of good faith is a question of fact. *Id.* at 11. "When one party performs a contract in a manner that is unfaithful to the purposes of the contract and the justified expectations of the other party are thus denied, damages may be awarded against the party who does not act in good faith." *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.* 107 Nev. 226, 808 P.2d 919, 923–24 (1991). Having granted

---

1. The Agreement, section 5.5(a), granted Plaintiffs a power of attorney to act on New Life's behalf in order to collect on accounts receivable including the power to open mail addressed to New Life, to endorse checks made payable or endorsed to New Life, to receive mail for New Life at Plaintiffs' address, to pay, settle, compromise, prosecute or defend any action, claim, conditional waiver, and release, and to do all things necessary and proper to carry out the Agreement.

2. To the extent that Defendants object to the affidavit of the Receiver as not being made on personal knowledge, the Court disagrees that the Receiver has failed to properly authenticate the documents submitted with his affidavit and in support of the motion for summary

judgment. All of the records fall under the business records exception to the hearsay rule. *See* Federal Rule of Evidence 803(6). Furthermore, Defendants have, in fact, referenced and relied upon the Agreements and Guaranties at issue in this case. They have not asserted that the attached contracts do not accurately reflect the agreement between the parties. Finally, the fact that the Securities and Exchange Commission obtained a preliminary injunction and Order appointing a Receiver for Plaintiffs does not automatically create issues of fact regarding the accuracy of the records at issue in this action. Defendants must identify the specific facts that are called into question not just rely on their conclusory allegations.

Plaintiffs' motion for summary judgment on the breach of contract claims, the Court finds that Defendants have failed to show that genuine issues of material fact prevent the Court from granting summary judgment on this claim and grants Plaintiffs' claim for contract damages arising from breach of the covenant.

### C. Unjust Enrichment and Conversion

 Plaintiffs, in the alternative, allege a cause of action for unjust enrichment. While pleading conflicting causes of action is not inappropriate, in Nevada "[t]he doctrine of unjust enrichment or recovery in quasi contract applies to situations where there is no legal contract[.]" *See Leasepartners Corp., Inc. v. Robert L. Brooks Trust,* 113 Nev. 747, 942 P.2d 182, 187 (1997). Additionally, an action may not be based on unjust enrichment where there is an express written agreement. *See Id.* In the present case, the Court has found that express written agreements between Plaintiffs and New Life and Plaintiffs and Gonta and Larreau exist and that the contracts were breached by Defendants. Accordingly, Plaintiffs' claim for relief under the theory of unjust enrichment must be dismissed because there exists an express agreement covering the claim.

 Furthermore, under Nevada law, conversion occurs when a person exerts wrongful dominion over another's personal property without permission. *See Evans v. Dean Witter Reynolds, Inc.,* 116 Nev. 598, 5 P.3d 1043, 1048 (2000). "Though money or a check could in some circumstances be the subject of conversion ... the tort traditionally involves wrongful taking and carrying away of something tangible." *Reliance Ins. Co. v. U.S. Bank of Wash., N.A.,* 143 F.3d 502, 506 (9th Cir.1998). Under these definitions, Defendants have not converted or taken possession of any personal property previously owned by Plaintiffs. Accordingly, the Court denies Plaintiffs' motion for summary judgment on these claims and they are dismissed.

### D. Defendants/Counterclaimants' Claims

Plaintiffs/Counterdefendants have also moved to dismiss Counterclaimants' independent claims for relief: 1) breach of contract; 2) breach of the implied covenant of good faith and fair dealing; 3) unjust enrichment; and 4) conversion. Having granted Plaintiffs' motion for summary judgment on the first two claims, breach of contract and the covenant of good faith, the Court must also grant MPFC II's motion for summary judgment on the counterclaims, because Defendants New Life, Gonta and Larreau have simply failed to adduce specific evidence demonstrating that there are genuine issues of material fact that require resolution at trial. Additionally, the Court having found that the dispute at issue in this action is covered by an express written agreement, Counterclaimants' claim for unjust enrichment must be dismissed. Finally, the claim for conversion must be dismissed because Counterclaimants have identified no specific, tangible personal property that they were deprived of. Finally, Counterclaimants' claims for an accounting and constructive trusts are remedies and must be dismissed with the other counterclaims. Therefore, the Court grants Counterdefendants' motion for summary judgment on the counter-claims.

### E. Plaintiffs' Remaining Claims

Plaintiffs asserted additional claims for negligent misrepresentation, monies due and owing, and declaratory relief as well as causes of action for the remedies of an accounting, having a receiver appointed for New Life, and a constructive trust. With-

in ten (10) days of the entry of this order granting summary judgment, Plaintiffs shall file notice with the Court whether they intend to proceed to trial on the remaining claims or voluntarily dismiss them. Furthermore, Plaintiffs shall notify the Court if they seek remedies in addition to the monetary damages awarded by the Court.

*IV. Conclusion*

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Summary Judgment (# 72) is **GRANTED in part and DENIED in part;**

IT IS FURTHER ORDERED that Plaintiffs' claims for unjust enrichment and conversion are **DISMISSED;**

IT IS FURTHER ORDERED that the Court grants Plaintiffs' motion for summary judgment on Plaintiffs' claims for breach of contract, breach of the implied covenant of good faith and fair dealing and breach of the personal guaranties;

IT IS FURTHER ORDERED that Counterclaimants' counterclaims are **DISMISSED with prejudice;**

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Plaintiffs and against Defendants in the amount of $427,811. 10;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Counterdefendants and against Counterclaimants.