# United States Court of Appeals

### For the Eighth Circuit

_____

No. 12-1857

_____

Southern Wine and Spirits of Nevada, A Division of Southern Wine and Spirits of
America, Inc.

*Plaintiff - Appellant*

v.

Mountain Valley Spring Company, LLC

*Defendant - Appellee*

_____

No. 12-1915

_____

Southern Wine and Spirits of Nevada, A Division of Southern Wine and Spirits of
America, Inc.

*Plaintiff - Appellee*

v.

Mountain Valley Spring Company, LLC

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs

Submitted: January 17, 2013
Filed: April 5, 2013

Before WOLLMAN, GRUENDER, and SHEPHERD, Circuit Judges.

GRUENDER, Circuit Judge.

In a contract dispute between Mountain Valley Spring Company ("Mountain Valley"), a producer of bottled water products, and Southern Wine and Spirits of Nevada ("Southern"), a regional beverage distributor, Southern obtained a judgment of $819,000 against Mountain Valley for breach of contract and breach of an implied covenant of good faith and fair dealing, plus an additional $42,000 for account stated. Simultaneously, Mountain Valley obtained a judgment of $183,000 against Southern on its counterclaim for breach of an implied covenant of good faith and fair dealing. For the background and merits of the dispute, see our prior decision, *Southern Wine & Spirits of Nevada v. Mountain Valley Spring Co.*, 646 F.3d 526 (8th Cir. 2011).

Southern then sought to recover $2.7 million it expended in attorney's fees and costs for the litigation. Mountain Valley argued that no attorney's fees and costs should be awarded, but it protectively sought to recover its own $1.3 million expended on attorney's fees and costs in the event that fees were awarded to Southern. The district court[1] declined to award attorney's fees to either party, finding that there was no "prevailing party" because both parties won "sizable jury awards by prevailing on significant issues." Southern appeals the denial of its attorney's fees, and Mountain Valley also protectively appeals the denial of its fees. We review

---

[1]The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

-2-

the district court's decision not to award attorney's fees for an abuse of discretion. *See Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004).

Southern argues that attorney's fees are available under Nevada contract law or, alternatively, under Arkansas statutory law. First, section 10.7 of the parties' contract states, "If either party shall commence a lawsuit to enforce the terms of this Agreement or to collect any sums owing hereunder, the parties hereto agree that the nonprevailing party shall pay to the prevailing party its reasonable costs and reasonable attorneys' fees." The parties agree that Nevada law controls the interpretation of this provision. Under Nevada law, a contractual provision for the recovery of attorney's fees will be enforced according to its terms. *See, e.g., Rowland v. Lepire*, 662 P.2d 1332, 1336-37 (Nev. 1983) (per curiam) (vacating an award of attorney's fees to a plaintiff because the parties' contract stated that attorney's fees would be available to the defendants, rather than to either party). "[I]f no ambiguity exists, the words of the contract must be taken in their usual and ordinary signification." *Dickenson v. Nev. Dep't of Wildlife*, 877 P.2d 1059, 1061 (Nev. 1994) (per curiam).

Southern contends that, because the contract provides attorney's fees to the party that prevails in "a lawsuit to enforce *the terms* of this Agreement" (emphasis added) and Mountain Valley's cause of action was for breach of an *implied* covenant of good faith and fair dealing, rather than an express term of the contract, Mountain Valley's counterclaim was outside the scope of section 10.7. In Southern's view, because Southern prevailed on its claim for breach of an express term of the contract, Southern is the only "prevailing party" for purposes of section 10.7 and must be entitled to recover its fees.

Contrary to Southern's view, we agree with the district court that Mountain Valley's claim for breach of the implied covenant was a lawsuit to enforce a "term"

of the contract for purposes of section 10.7. Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement," *A.C. Shaw Constr., Inc. v. Washoe Cnty.*, 784 P.2d 9, 9 (Nev. 1989) (per curiam) (quoting Restatement (Second) of Contracts § 205 (1981)), and an award of damages for its breach is a contractual remedy, *Frantz v. Johnson*, 999 P.2d 351, 358 n.4 (Nev. 2000) (per curiam).[2] A duty imposed by a contract, the breach of which makes available to the other party a contractual remedy, fits the usual and ordinary signification of a contractual "term" as stated in section 10.7. *See Dickenson*, 877 P.2d at 1061. The implied covenant does not lose its nature as a "term" merely because it was implied, rather than express. *See Black's Law Dictionary* 1510 (8th ed. 2004) (defining "implied term" as "[a] provision not expressly agreed to by the parties but instead read into the contract by a court as being implicit").

Southern counters that a claim for breach of the implied covenant of good faith and fair dealing is a separate and independent cause of action from a claim for breach of contract. *See Morris v. Bank of Am. Nev.*, 886 P.2d 454, 457 n.2 (Nev. 1994) (holding that a failure to plead a cause of action for breach of contract did not foreclose a cause of action for breach of the implied covenant because "the implied covenant of good faith is an obligation independent of the consensual contractual covenants"); *see also Hilton Hotels*, 808 P.2d at 923 (discussing breach of the implied covenant of good faith and fair dealing as a cause of action to be pled separately from breach of an express term of a contract). However, the rationale for requiring a breach of the implied covenant to be pled separately is simply "to put the [defendant] on notice of a claim upon which relief can be granted." *Morris*, 886 P.2d at 457 (holding that a claim is stated where the plaintiff's "pleadings identify the contract which is the basis for [the] implied covenant claim . . .[,] the [defendant's] conduct

---

[2]Nevada law also recognizes a separate tort action for breach of the covenant of good faith, which "requires a special element of reliance or fiduciary duty." *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 923 (Nev. 1991). That cause of action is not at issue in this case.

which he claims to constitute the breach of the covenant . . .[, and] that the . . . breach of the implied covenant of good faith and fair dealing caused him damage"). The separate pleading requirement for notice purposes is simply irrelevant to whether the implied covenant is a "term" of the contract. As a result, we conclude that the district court did not err in considering Mountain Valley's counterclaim for breach of the implied covenant of good faith and fair dealing in its evaluation of whether there was a "prevailing party" for purposes of section 10.7.

Southern also argues that, even if Mountain Valley's victory on its counterclaim is properly included in the analysis, the district court nevertheless abused its discretion by failing to find that Southern was the prevailing party under Nevada law. While Southern prevailed on three of the four claims litigated and obtained a monetary award more than four times larger than that obtained by Mountain Valley, Nevada law does not require one party to be designated as "prevailing" after both parties are found to have been at fault. *See, e.g.*, *Glenbrook Homeowners Ass'n v. Glenbrook Co.*, 901 P.2d 132, 141 (Nev. 1995) (per curiam) (affirming a trial court's refusal to designate a prevailing party for purposes of attorney's fees where "[e]ach party won on some issues and lost on others"). The district court was within its discretion to find that neither party qualified as the prevailing party under Nevada law.

Southern next contends that attorney's fees are available under Arkansas statutory law. "In any civil action to recover . . . for . . . breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee . . . ." Ark. Code Ann. § 16-22-308.[3] The Arkansas Supreme Court applies Arkansas statutory law to

---

[3]While the district court held that section 16-22-308 does not apply where the parties' agreement provides separately for fees, we believe that the better interpretation is that the statute applies unless the parties' agreement establishes a *conflicting* rule for the award of attorney's fees. *See, e.g.*, *Ark. Indus. Dev. Comm'n*

questions of attorney's fees "even where the law of another State governs substantive issues, including the interpretation of [a] . . . contract." *Ferrell v. W. Bend Mut. Ins. Co.*, 393 F.3d 786, 796-97 (8th Cir. 2005). Under section 16-22-308, "no award of fees is mandatory, and the trial court, presumably better acquainted with the circumstances of the proceedings, has discretion whether to award fees and in what amount." *Angelo Iafrate Constr.*, 370 F.3d at 723. Thus, even a clearly prevailing party is not automatically entitled to fees under the statute. *See id.* (affirming a denial of attorney's fees where a defendant "merely asserted that it is entitled to attorneys' fees because it prevailed and because it believed that Iafrate should never have brought the lawsuit, an opinion held by most prevailing parties"). Here, where the district court declined to find even that Southern was a prevailing party, Southern asserts no facts to support its contention that it merited an award of attorney's fees under section 16-22-308 despite its own breaching conduct. *See, e.g.*, *Walton Gen. Contractors, Inc./Malco Steel, Inc. v. Chicago Forming, Inc.*, 111 F.3d 1376, 1384 (8th Cir. 1997) (applying Missouri law) (affirming a district court's decision not to "enforce an attorneys' fee clause in the contract both parties saw fit to breach").

Because we affirm the denial of attorney's fees to Southern, we need not discuss Mountain Valley's protective claim for its own attorney's fees. For the foregoing reasons, we affirm the denial of attorney's fees and costs to both parties.

---

*v. FABCO of Ashdown, Inc.*, 847 S.W.2d 13, 16 (Ark. 1993) (awarding attorney's fees under § 16-22-308 even where the parties' agreement also expressly provided for reasonable attorney's fees).