**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 25 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SC2006, LLC,<br><br>               Plaintiff-Appellant,<br><br>v.<br><br>ARBOR AGENCY LENDING, LLC; et al.,<br><br>               Defendants-Appellees. | No.   21-16152<br><br>D.C. No.<br>2:18-cv-02003-JAD-BNW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted March 14, 2022
Las Vegas, Nevada

Before: KLEINFELD and BENNETT, Circuit Judges, and COGAN,** District
Judge.

SC2006, LLC ("SC2006") appeals from the judgment of the United States

Court for the District of Nevada, based on findings of fact and conclusions of law

after a bench trial, holding that Arbor Agency Lending ("Arbor") violated a

---

    \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\*    The Honorable Brian M. Cogan, United States District Judge for the
Eastern District of New York, sitting by designation.

contractual duty to process a loan application, but was liable for $0 in damages because it was not obligated to fund the loan. SC2006's appeal challenges the district court's decision on four grounds: (1) Arbor had a duty to fund the loan because SC2006 met all the loan application's requirements; (2) Arbor breached its implied duty of good faith and fair dealing; (3) Arbor is estopped from denying, and/or waived its right to deny, the loan; and (4) the district court incorrectly assessed SC2006's damages. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

The interpretation and construction of a contract's provisions are questions of law reviewed *de novo*. *See HS Servs., Inc. v. Nationwide Mut. Ins. Co.*, 109 F.3d 642, 644 (9th Cir. 1997). Findings of fact are reviewed for clear error. *See Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1427 (9th Cir. 1996). Neither party contests the district court's conclusion that SC2006's breach of contract claims, requiring interpretation of the terms of the contract, are subject to the contract's New York choice-of-law provision, and Nevada law governs SC2006's common law claims.

In February 2017, SC2006 approached Arbor with a request to fund a $7.5 million loan to cover previous debts on an apartment complex in Las Vegas. After a preliminary review, Arbor issued a loan application which requested substantial financial information from SC2006 and required it to pay Arbor a $22,370 fee to

evaluate the loan. The loan application also stated that Arbor did not guarantee it would grant SC2006's loan request despite the evaluation process.

During its review, Arbor learned that SC2006 failed to disclose a prior "workout" event, *i.e.*, a financial restructuring, but Arbor continued processing the application. Right before the loan application was presented to Arbor's loan committee and the maturity of the previous loans came due, Arbor's lead underwriter learned about SC2006's previous workout event and canceled the presentation. This forced SC2006 to seek another source of financing and cost it an additional $1,067,306.

Together, the relevant clauses in the loan application demonstrate that Arbor's decision to grant the loan was subject to several internal review procedures. Even if SC2006 met all the loan application's requirements, the loan agreement clearly states that Arbor would not be liable if it declined to fund the loan. Thus, the loan application's terms do not support SC2006's contention that Arbor had a duty to fund the loan if SC2006 completed the application.

However, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *A.C. Shaw Constr. v. Washoe County*, 105 Nev. 913, 914, 784 P.2d 9 (1989). This duty requires both parties be faithful to an agreed upon common purpose and act consistently with the justified expectations arising from the contract. Restatement (Second) of

3

Contracts, § 205 cmt. a (Am. Law Inst. 1981).

As explained above, nothing in the loan application required Arbor to fund the loan. Arbor only had a duty to complete SC2006's loan application. This requirement is distinct from the subsequent, and far more remote, duty to reasonably evaluate whether to fund SC2006's loan once the application was completed. It is far from certain that SC2006's loan would have received funding even if Arbor had not breached its duty to process the loan application.

SC2006 also adopts the position that the doctrines of estoppel and waiver bar Arbor from arguing that SC2006's failure to disclose the workout event permitted it to deny the loan. SC2006 supports this argument by observing that Arbor continued to process the loan application even after Arbor knew about the workout event. This argument is unavailing.

First, neither party disputes the district court's holding that Arbor breached the terms of the loan application by prematurely ceasing the processing of the application. As a result, SC2006's estoppel and waiver arguments are moot to the extent they seek to relitigate an issue that the district court already resolved in SC2006's favor.

Second, the doctrines of estoppel and wavier do not apply to Arbor's ultimate decision to decline funding the proposed loan. The record fails to show that Arbor continued processing the loan with the intention that SC2006 rely on

4

Arbor's actions. *See In re Harrison Living Tr.*, 121 Nev. 217, 223, 112 P.3d 1058 (2005). Relatedly, SC2006's waiver argument is unpersuasive because although Arbor continued processing the loan application, it had no duty to fund the loan.

SC2006's damages can be divided into two categories: the amount it cost Arbor to process SC2006's application; and the subsequent costs to SC2006 caused by Arbor's failure to issue the loan. SC2006 contends that it can recover both of these under a theory of expectation damages. We again disagree.

To recover under an expectation damages theory, SC2006 must show that the damages it seeks would put it in as good a position as it would have been had Arbor abided by the contract. *See Trans World Metals, Inc. v. Southwire Co.*, 769 F.2d 902, 908 (2d Cir. 1985). The loan application contract is clear that SC2006 paid $22,370 to Arbor to cover Arbor's costs of processing the application, regardless of the outcome. Thus, SC2006 should have never expected to recover that sum, regardless of whether Arbor determined to fund the loan.

Similarly, SC2006 cannot obtain damages for the resulting costs, totaling $1,067,306, caused by Arbor's decision to decline funding. Arbor only had an obligation to process the loan application. Even if Arbor had fulfilled this obligation under this agreement and reasonably evaluated the application, the district court properly concluded that Arbor was unlikely to fund the loan because it had valid concerns about SC2006's trustworthiness. Arbor would not have been

5

in breach of the contract if it correctly processed the loan application and still decided not to fund the loan. *See* Restatement (Second) of Contracts § 344(a) (Am. Law Inst. 1981). Thus, the link between Arbor's breach and SC2006's alleged injury is too remote. *See Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 962 (9th Cir. 2001).

We have considered the other points raised by SC2006 and find them without merit. The judgment of the district court is therefore

**AFFIRMED.**